Opinion issued March 22, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00042-CV

———————————

Kreseda Scott, Appellant

V.

Eleow Hunt, Appellee



 



 

On Appeal from the 269th District Court

Harris County, Texas



Trial Court Case No. 2005-58363C

 



 

MEMORANDUM OPINION

This is an
appeal of several partial summary-judgment orders made final by severance from
the remainder of the case.  We reverse
the trial court’s order granting attorneys’ fees to appellee Eleow Hunt as a
prevailing party on appellant Kreseda Scott’s Theft Liability Act claim and
render judgment that he take nothing on that claim.  We affirm the remainder of the trial court’s
judgment.

BACKGROUND

This litigation has a protracted
and complicated history involving numerous claims and parties.  We outline here only the facts we deem
relevant to our disposition of the issues on appeal.  

A.   The Parties & Claims

The
appellant in this case is plaintiff Kreseda Scott (f/k/a Kreseda Smith), who
was previously married to plaintiff Antowaine Smith.  In 2005, Smith and Scott sued the appellee in
this appeal, defendant Eleow Hunt, as well as several other defendants—Antony Welch, New South Federal Savings Bank,
James Ballard, and Herschell Davis Hunt. 


Scott and
Smith alleged that Welch opened a bank
account at New South Federal Savings Bank in Smith’s name by forging Smith’s
signature.  Welch then filed fraudulent
tax returns in Smith’s name for the tax years 1998–2002, had the resulting tax
refunds deposited into the New South account, and then withdrew and stole that
money.  The plaintiffs also alleged that
appellee Eleow Hunt, along with defendants Herschell Hunt and James Ballard,
assisted and participated in Welch’s activities and that all represented the
plaintiffs during IRS audits covering the tax years 1999–2000.   

The
plaintiffs identify appellee Eleow Hunt and defendant Herschell Hunt as
brothers.  Appellee Eleow Hunt claims to
have formed a partnership in 2000 called Capital Tickets with Smith, through
Welch (whom Eleow Hunt understood to be Smith’s agent).  The plaintiffs allege that Herschell Hunt was
one of Smith’s tax preparers from 1999–2000.  James Ballard was Smith’s
lawyer.  

Relevant to
this appeal, Scott and Smith essentially claim that the Capital Tickets
partnership between Eleow Hunt and Smith was fraudulently backdated by Eleow
from 2002 to 2000 to create business losses that Smith could use during the
audit of Smith’s 2000 return.  Among
other things, the plaintiffs’ petition alleges that “Welch’s actions constitute
fraud,” and that “Welch’s conduct constitutes unconscionable conduct under the
DTPA.”  Specific to Eleow Hunt, the
plaintiffs claim that he conspired and participated with the other actors to
violate the DTPA and commit fraud.  The
plaintiffs deny that Welch was Smith’s agent, and thus complain that Eleow
Hunt’s forming and operating a partnership in Smith’s name was negligent and
wrongful.  They also claim that, as the
purported tax partner of Capital Tickets, Eleow Hunt had a duty to disclose
information to the plaintiffs about their tax treatment and about his dealings
with Welch.  

B.  
The trial court’s orders     

1.    
Fraud Summary Judgment

On April 16, 2007, Eleow Hunt and
Herschell Hunt moved for traditional and no-evidence partial summary judgment
on plaintiffs’ claims for theft, conspiracy, fraud, conversion, theft under the
Theft Liability Act, and negligence.  The
plaintiffs responded on May 1, 2007 with argument and evidence, including an
affidavit by Welch.  On May 25, 2007, the
plaintiffs filed their third amended petition abandoning their Theft Liability
Act claim.  

The Hunts filed a reply to the
plaintiffs’ response and a motion to strike Welch’s affidavit from the summary judgment
evidence as a sham affidavit because it (1) conflicts, with no explanation,
with Welch’s prior deposition testimony and sworn interrogatory responses, and
(2) contains hearsay.  On June 15, 2007,
the trial court granted the Hunts’ motion for summary judgment.  The portion of that order granting summary
judgment on Scott’s fraud, conspiracy to commit fraud, and Theft Liability Act is
a subject of Scott’s appeal here.  

2.     DTPA Summary Judgment

On July 20, 2007, Eleow Hunt moved
for partial summary judgment on Smith’s and Scott’s DTPA claims, Declaratory
Judgment Act claims, and request for injunctive relief.  Smith responded with argument and evidence,
and objected to Eleow’s summary judgment evidence.  Scott, however, did not respond.  On September 10, 2007, the trial court granted
Eleow Hunt’s motion for summary judgment. 
This order is a subject of Scott’s appeal here. 

3.     Theft Liability Act Attorneys’ Fees
Summary Judgment

On April 15, 2010, Eleow Hunt moved
for partial summary judgment against Scott, seeking an attorneys’ fees award
for successfully defending against Scott’s Theft Liability Act claim.  Scott did not file a response to the
motion.  On May 31, 2010, the trial court
granted Eleow Hunt’s motion, awarding him $100,000 in attorneys’ fees.  The trial court’s order granting summary
judgment awarding Eleow Hunt attorney’s fees under the Theft Liability Act is a
subject of Scott’s appeal here.  

4.     DTPA Attorneys’ Fees Summary
Judgment   

On October 28, 2010, Eleow Hunt
moved for partial summary judgment against Scott, seeking an attorneys’ fees
award for successfully defending against Scott’s DTPA claim.  Scott responded, relying in part upon Welch’s
affidavit.  Eleow Hunt filed a reply and
requested again that the trial court strike Welch’s affidavit from the summary
judgment evidence as a sham affidavit because it (1) conflicts, with no
explanation, with Welch’s prior deposition testimony and sworn interrogatory
responses, and (2) contains hearsay.  On
December 10, 2010, the trial court granted Eleow Hunt’s motion for summary
judgment, awarding him $28,927 in attorneys’ fees.  

5.    
Severance
Order, Final Judgment, and Denial of Motion for New Trial

On December 10, 2010, the trial
court granted Eleow Hunt’s motion to sever the claims between himself and Scott
and for entry of final judgment on those claims.  That same day, he denied Scott’s request for
reconsideration/new trial of the court’s May 31, 2010 order awarding attorneys’
fees under the Theft Liability Act.  

THIS APPEAL

Scott brings four issues on appeal.

(1)     The trial court erred in granting summary judgment because there
are several fact issues regarding the fraud claims and the credibility of
Anthony Welch.  The trial court erred in
striking the affidavit of Anthony Welch.

(2)     The trial court erred in granting summary judgment because there
are fact issues regarding the fraud claims.

(3)     The trial court erred in granting summary judgment because
Deceptive Trade Practices Act claims are not frivolous.

(4)     The trial court erred in granting summary judgment because a
Theft Liability Act claim did not exist.

STANDARDS OF REVIEW

We review the district court’s
summary judgment de novo.  See Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).

The standard governing a
traditional motion for summary judgment is well established: (1) the movant for
summary judgment has the burden of showing that no genuine issue of material
fact exists and that it is therefore entitled to summary judgment as a matter
of law; (2) in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken
as true; and (3) every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in the nonmovant’s favor.  See,
e.g., Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548–49 (Tex. 1985).

Under the “no-evidence summary
judgment” rule, the movant may move for summary judgment if, after adequate
time for discovery, there is no evidence of one or more essential elements of a
claim or defense on which the nonmovant would have the burden of proof at
trial. Tex. R. Civ. P. 166a(i).  The motion must state the elements as to which
there is no evidence. Id. The
reviewing court must grant the motion unless the nonmovant produces summary
judgment evidence raising a genuine issue of material fact.  Id.  Under the no evidence summary judgment
standard, the party with the burden of proof at trial will have the same burden
of proof in a summary judgment proceeding.  See,
e.g., Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp., 962
S.W.2d 193, 197 n.3 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).

If the evidence supporting a
finding rises to a level that would enable reasonable, fair-minded persons to
differ in their conclusions, then more than a scintilla of evidence exists. Merrell Dow Pharm., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997).  Less than a
scintilla of evidence exists when the evidence is “so weak as to do no more
than create a mere surmise or suspicion” of a fact and the legal effect is that
there is no evidence.  Kindred v. Con/Chem, Inc., 650 S.W.2d
61, 63 (Tex. 1983).  

SUMMARY JUDGMENT ON FRAUD CLAIM

In his April 2007 motion, Eleow
Hunt moved for both no-evidence and traditional summary judgment on several of
Scott’s tort claims.  His arguments
directed at Scott’s fraud claims are couched in terms of a traditional summary
judgment.  His argument challenging
Scott’s ability to demonstrate that she suffered any damages as a result of
tortious conduct (including fraud), however, is couched in terms of no evidence.       

Eleow argued that Scott’s fraud
claim fails as a matter of law because it is “undisputed that Movants never
made any representation whatsoever to Plaintiffs.”  Thus, he contended, “(1) Plaintiffs cannot
have relied on any alleged representation by Movants, and (2) Movants did not
make a representation with the intent that Plaintiffs act on it and Plaintiffs
cannot have suffered any damages because of any alleged misrepresentations of
Movants.”  

Specifically, Eleow pointed to both
Scott’s and Smith’s deposition testimony that, prior to 2005, they never had
any communications with Eleow and in fact did not even know him.  Because both Scott and Smith denied that
Eleow had ever made any representations to them, Eleow argued he was entitled
to judgment on Scott’s fraud claim as a matter of law.

In addition, Eleow’s summary
judgment motion argued that he was entitled to summary judgment because Scott
and Smith cannot show that they suffered any damages from Eleow’s alleged
conduct.  

In response, Scott argued that she
must only establish that Eleow and Herschell Hunt “made a representation to a
third party, i.e., Anthony Welch, or each other with the intention or
expectation that it be repeated to deceive” Scott and Smith.  As summary judgment evidence, Scott relied
upon Welch’s affidavit testimony that Eleow prepared Capital Ticket partnership
tax returns in 2002 and backdated the returns to 2000 to be used in Smith’s IRS
audit.  These returns, according to
Scott, were prepared so that “they could be relied on by Antowain Smith’s
attorneys and representatives.”

According to Scott, the “affidavit
of Anthony Welch clearly established that he and Mr. [Eleow] Hunt conspired to
commit tax fraud.”  The summary judgment
response does not allege any financial harm specific to Scott, but argues that
Smith had to pay lawyers and tax preparers to correct the problems caused by
Eleow’s fraud, and that Smith incurred approximately $300,000 in penalties and
interest that are a proximate result of the Hunts’ actions.  

   
In reply, Eleow Hunt and Herschell Hunt filed a motion to strike Welch’s
affidavit, arguing that it was a “sham affidavit” that contradicted Welch’s
prior deposition and interrogatory testimony, and that it contained
hearsay.  They further argued that, even
considering the affidavit and the plaintiffs other summary judgment evidence,
the evidence establishes as a matter of law that the plaintiffs suffered no
injury or damages, and that there was no evidence of damages. 

On appeal, Scott argues that the
trial court erred by striking Welch’s affidavit and granting summary judgment
because summary judgment is inappropriate when the credibility of a witness or
party is central to the case.  Wilcox v. Marriott, 103 S.W.3d 469, 475
(Tex. App.—San Antonio 2003, pet denied). 
She argues that just because Welch gave a sworn statement to her, rather
than to Eleow’s counsel, that is no reason to disregard and strike the affidavit.     

Eleow responds that “the trial
court correctly disregarded the same Affidavit of Anthony Welch because it
directly contradicted his prior testimony without any explanation whatsoever
for the change.”  His brief then
chronicles all the inconsistencies between the affidavit and Welch’s prior
testimony.  

Alternatively, Eleow argues that
even if the sham affidavit is considered, summary judgment was still proper
because “it does not create a fact issue as to Scott’s fraud claim because it
does not identify a single misrepresentation purportedly made to Scott.”  He also points to the fact that Smith settled
his claims against Eleow as part of a settlement of separate counter-claims
brought by Eleow against Smith, and that Smith agreed to entry of an agreed
judgment requiring him to pay to Eleow $100,000.  Thus, he argues, “Scott cannot attempt to
avoid summary judgment on her fraud claim based on her trumped up allegations
of a conspiracy to defraud Smith (not Scott), and which Smith has judicially
admitted did not exist.”  

A.   Applicable Law

Under the sham-affidavit doctrine,
a party cannot file an affidavit to create a fact issue that contradicts his
own deposition testimony without any explanation for the change in testimony.  Farroux
v. Denny’s Rests., Inc., 962 S.W.2d 108, 111 (Tex. App.—Houston [1st Dist.]
1997, no pet.).  Unless a party explains
why he has filed an affidavit that contradicts his previous testimony (for
example, because he was confused or has discovered additional materials), we
will assume that the party has filed the affidavit solely to defeat summary
judgment and will therefore disregard the affidavit.  Id.

An objection that an “affidavit is
a sham affidavit because it contradicts [the affiant’s] earlier deposition
testimony is an objection complaining to a defect in form of his affidavit.”  Hogan
v. J. Higgins Trucking, Inc., 197 S.W.3d 879, 883 (Tex. App.—Dallas 2006,
no pet.).  A party must object in writing
and obtain an express or implied ruling from the trial court to preserve a
complaint about the form of summary judgment evidence. Tex. R. Civ. P. 166a(f); Tex.
R. App. P. 33.1(a)(2)(A); Grand
Prairie I.S.D. v. Vaughan, 792 S.W.2d 944, 945 (Tex. 1990). “[A] trial
court’s ruling on an objection to summary judgment evidence is not implicit in
its ruling on the motion for summary judgment.”  Delfino
v. Perry Homes, 223 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2006, no
pet.). 

“The elements of fraud are: (1)
that a material representation was made; (2) the representation was false; (3)
when the representation was made, the speaker knew it was false or made it
recklessly without any knowledge of the truth and as a positive assertion; (4)
the speaker made the representation with the intent that the other party should
act upon it; (5) the party acted in reliance on the representation; and (6) the
party thereby suffered injury.”  Aquaplex, Inc. v. Rancho La Valencia, Inc.,
297 S.W.3d 768, 774 (Tex. 2009) (per curiam). 


B.   Analysis

Both parties’ arguments assume that
the trial court struck Welch’s affidavit. 
The parties’ record cites, however, do not support that conclusion.  The trial court’s order granting summary
judgment states, in its entirety, “On this day, the Court considered Defendants
Eleow Hunt and Herschell Davis Hunt’s Motion for Partial Summary Judgment.  After considering the Motion and the
response, the Court finds the Motion is meritorious and should be
GRANTED.”  We have not located any order
in the record ruling on the Hunt’s objection to Scott’s summary judgment evidence.  

Because Scott’s objections to
Welch’s affidavit—that it was a sham affidavit and that it contained
hearsay—are objections to form, not substance, Hogan, 197 S.W.3d at 883, it was incumbent upon Eleow to obtain an
express or implied ruling on those objections from the trial court.  Grand
Prairie I.S.D., 792 S.W.2d at 945. 
Because there is no indication in the record that he did so, we cannot
disregard the affidavit on appeal.  Delfino, 223 S.W.3d at 35.   

We conclude, however, that even
considering Welch’s affidavit, the trial court’s summary judgment on Scott’s
fraud claim is supported by the summary-judgment evidence.  Scott does not argue that Eleow made any
representations to her; instead Scott’s entire argument in support of her
position that the trial court’s summary judgment was erroneous is as follows: 

Fraud can be the basis of a conspiracy
claim.  Ernst & Young v. Pacific Mut. Life, 51 S.W.3d 573, 583 (Tex.
2001).  It is undisputed that Mr. Welch
committed an unlawful act.  It is also
undisputed that Mr. Welch and Mr. Hunt are the only two people that discussed
this alleged partnership.  It is also
undisputed that Eleow Hunt’s own documents show that this alleged partnership
was created in 2002.  It is also
undisputed that Mr. Welch used these “partnership” losses to created fraudulent
losses for tax years 2000-2003.  It is
also undisputed that these actions caused Ms. Scott to incur damages to clear
up her financial accounts.  

The only record cite provided for
the assertion that Mr. Welch used partnership losses to create fraudulent
losses for 2000–2003 is a
page in the clerk’s record from a plea bargain Welch entered that was not part
of the summary judgment evidence before the trial court when it granted summary
judgment.  Scott does not assert that Welch
created fraudulent losses that were reported on her tax return.  In fact, she testified to the opposite, i.e.,
that she did not file joint returns with Smith during the years relevant to her
claims here.  

In support of her argument that she
nonetheless incurred “damages to clear up her financial accounts,” she cites an
April 4, 2011 judgment she obtained against Welch, in absentia, following a
bench trial where she was awarded $2,000 “as damages for hiring financial
representatives.”  Even if we were to
causally connect the claims forming the basis of that judgment with Scott’s
claims against Eleow Hunt here, we note that the judgment was entered almost
four years after the summary judgment we are reviewing here, and thus was not
before the trial court as evidence of anything. 

Because there is no evidence of
damages to Scott, and because the evidence establishes that Eleow Hunt never
made any representation to Scott, we affirm the trial court’s summary judgment
on Scott’s fraud claims.  

We overrule appellant’s first and
second issues.

SUMMARY JUDGMENT ON DTPA CLAIM

 
On June 8, 2007, Smith and Scott filed their fourth amended petition,
adding DTPA claims, as well as a Declaratory Judgment Act claim and request for
injunctive relief.  On July 20, 2007,
Eleow Hunt moved for summary judgment on the DTPA claims, arguing that the (1) “There
is no evidence that the Movant had any connection with any alleged consumer
transaction by Plaintiffs,” (2) “the undisputed summary judgment evidence
established that Movant never made any false representation to Plaintiffs,” (3)
“there is no representation that could constitute a producing cause of
Plaintiffs’ alleged damages,” (4) “Plaintiffs cannot show they suffered any
damages at all as a result of the allegations made the basis of their lawsuit,”
(5) “Plaintiffs cannot have detrimentally relied on any alleged representation
by Movant,” and (6) the DTPA claim “is barred by the applicable two-year
statute of limitations in that Plaintiffs judicially admitted that by April
2005 they became aware of Movant’s alleged involvement in the matters made the
basis of their lawsuit.”  

Smith responded to Eleow’s motion
for summary judgment, but Scott did not. 
On September 10, 2007, the trial court granted Eleow Hunt’s motion for
summary judgment on the plaintiffs’ DTPA claims.  

On October 28, 2010, Eleow Hunt
filed another motion for summary judgment, seeking $100,000 in attorneys’ fees
from Scott for defending against her DTPA claim, arguing that Scott knew the
claim to be frivolous.  On November 29,
2010, Scott filed a response, arguing that her claims were not frivolous, and
that $100,000 in fees is excessive.  On
December 10, 2010, the trial court granted Eleow’s motion and awarded him $28,927.00
in attorneys’ fees.  

On appeal, Scott appears to
challenge only the granting of the December 2010 summary judgment awarding attorneys’
fees.  She cites again the judgment she
obtained against Welsh for DTPA violations and argues that the trial court thus
must have concluded that she was a consumer of Welch’s.  Because two or more people can be held liable
for conspiracy to violate the DTPA, she argues that her “DTPA claim is not
frivolous and the trial court’s December 10, 2010 order should be reversed and
remanded.”  

In his brief, Eleow Hunt argues
that the trial court’s granting summary judgment on Scott’s DTPA claim was
proper because Scott failed to present any evidence that Hunt had any
connection with any alleged consumer transaction involving Scott, the evidence
conclusively defeated Scott’s DTPA claim, and the claim was barred by the
statute of limitations.  Eleow further
argues that Scott cannot obtain a reversal here based on arguments or evidence
that was never presented to the trial court in response to Eleow’s motion for
summary judgment.  

A.   Applicable Law

 Section 17.50(c) of the DTPA provides that a
trial court may award attorneys’ fees to a prevailing DTPA defendant:

On a finding by the court that an action
under this section was groundless in fact or law or brought in bad faith, or
brought for the purpose of harassment, the court shall award to the defendant
reasonable and necessary attorneys’ fees and court costs.

Tex. Bus. & Com. Code
Ann. § 17.50(c) (Vernon 2011).  Under
Section 17.50(c), “groundless” means a claim having no basis in law or fact,
and not warranted by any good faith argument for the extension, modification,
or reversal of existing law.  Donwerth v. Preston II Chrysler–Dodge, Inc.,
775 S.W.2d 634, 637 (Tex. 1989).  The
standard for determining whether a suit is groundless is “whether the totality
of the tendered evidence demonstrates an arguable basis in fact and law for the
consumer’s claim.” Splettstosser v. Myer,
779 S.W.2d 806, 808 (Tex. 1989).  To
prove “bad faith,” the defendant must show the claim is motivated by a malicious
or discriminatory purpose.  Central Tex. Hardware, Inc. v. First City,
Texas–Bryan, N.A., 810 S.W.2d 234, 237 (Tex. App.—Houston [14th Dist.]
1991, writ denied). Whether a suit is groundless or brought in bad faith is a
question of law for the trial court.  Donwerth, 775 S.W.2d at 637. 

B.   Analysis

Because Scott did not respond to
Eleow Hunt’s motion for summary judgment on her DTPA claim, and because she
does not seek reversal of that order here, our review is limited to whether the
trial court correctly determined that Scott’s DTPA claim was groundless or
brought in bad faith as required to support the summary judgment granting
attorneys’ fees to Eleow Hunt.  We hold
that Scott has not established that the trial court erred by finding the claim
was groundless or brought in bad faith.  Id. at 637 n.3.

As Eleow notes in his brief here,
Scott added her DTPA claim shortly before the summary-judgment hearing on her
other claims, and has never addressed his assertion that her claim was clearly barred
by the statute of limitations.  Eleow
also emphasizes that, in Scott’s brief here, she does not actually cite any evidence
in the record in support of the elements of her DTPA claim.  Rather, she ignores Smith’s agreement to pay
Eleow Hunt $100,000 (in part to settle counter-claims filed by Eleow Hunt
alleging that Smith’s DTPA claim was groundless, made in bad faith, and
intended to harass), and instead she cites a default judgment she obtained against
Welch for DTPA violations while Welch was incarcerated.  Neither Scott’s arguments, nor the evidence
she cites, establishes that the trial court erred by finding that she brought
her DTPA claims in bad faith. 

We overrule Scott’s third issue.

SUMMARY
JUDGMENT ON THEFT LIABILITY ACT 

ATTORNEYS’ FEES     

On April 14, 2010, Eleow Hunt moved
for partial summary judgment, seeking attorneys’ fees for successfully
defending against Scott’s Theft Liability Act claim.  Scott did not respond to this motion, and the
trial court signed an order awarding Eleow $100,000 in attorneys’ fees on May
31, 2010.  On June 30, 2010, and again on
November 29, 2010, Scott filed letters with the trial court arguing that she
did not receive notice of Eleow’s motion for partial summary judgment, and
asking that the court reconsider its ruling because her Theft Liability Act
claims had been dismissed before the trial court granted summary judgment on
them, rendering attorneys’ fees on that claim inappropriate.  On December 10, 2010—the same day that the trial court granted
Eleow’s motion to sever and for final judgment—the court considered Scott’s letters, construed them as “requests for
reconsideration or for new trial,” and denied them both.  

Here, Scott argues that the trial
court’s May 31, 2010 order awarding attorneys’ fees under the Theft Liability
Act should be reversed, because it was based on the June 15, 2007 summary
judgment order.  According to Scott, her
Theft Liability Act claims had been abandoned before the June 15, 2007 summary
judgment order, such that summary judgment on that claim would not have been
proper, thereby rendering an attorneys’ fee award based upon that previous
order improper.  

In response, Eleow argues that,
because Scott did not respond to his motion for summary judgment on his claim
for attorneys’ fees under the Theft Liability Act, to prevail she must satisfy
the Craddock elements, i.e., (1) her
failure to respond to the motion was a due to a mistake or accident rather than
conscious indifference, (2) she has a meritorious defense, and (3) a new trial
would not cause undue delay or otherwise injure Eleow Hunt.  Because she did not prove her entitlement to
a new trial under these factors, Eleow argues that we should affirm the trial
court’s summary judgment on attorneys’ fees under the Theft Liability Act. 

A.   Applicable Law

The Theft Liability Act provides
that “[e]ach person who prevails in a suit under this chapter shall be awarded
court costs and reasonable and necessary attorney’s fees.”  Tex.
Civ. Prac. & Rem. Code Ann. § 134.005(b) (Vernon 2011).

The supreme court has held that a
default judgment should be set aside when the defendant establishes that (1)
the failure to answer was not intentional or the result of conscious
indifference, but the result of an accident or mistake, (2) the motion for new
trial sets up a meritorious defense, and (3) granting the motion will occasion
no undue delay or otherwise injure the plaintiff.  Craddock
v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939).  This Court has held that Craddock does not apply to an appeal from a traditional summary
judgment.  Rabe v. Guar. Nat’l Ins. Co, 787 S.W.2d 575, 579 (Tex. App.—Houston
[1st Dist.] 1990, writ denied). 

“In civil causes generally, filing
an amended petition that does not include a cause of action effectively
nonsuits or voluntarily dismisses the omitted claims as of the time the pleading
is filed.”  FKM P’ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys., 255
S.W.3d 619, 632 (Tex. 2008).  “No hearing
is necessary to effect the nonsuit. Even if the nonsuit applies to the entire
case, the nonsuit or voluntary dismissal is effective when notice is filed or
announced in open court.”  Id.; see
also Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon, 195
S.W.3d 98, 100 (Tex. 2006).  Amended
pleadings and their contents take the place of prior pleadings.  Tex. R.
Civ. P. 65.  So, except in limited
circumstances not presented here, “causes of action not contained in amended
pleadings are effectively dismissed at the time the amended pleading is filed.”  FKM P’ship,
Ltd, 255 S.W.3d at 633.

If the movant’s motion for
traditional summary judgment and evidence facially establish its right to
judgment as a matter of law, the burden shifts to the nonmovant to raise a
genuine issue of material fact sufficient to defeat summary judgment.  M.D.
Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).
 The nonmovant has no burden to respond
to a summary judgment motion unless the movant conclusively establishes each
element of its cause of action as a matter of law.  Rhone–Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 222–23 (Tex. 1999).  The trial court may not grant summary judgment
by default because the nonmovant did not respond to the summary judgment motion
when the movant’s summary judgment proof is legally insufficient.  Id.
at 223.  On appeal, the nonmovant need
not have responded to the motion to contend the movant’s summary judgment proof
is insufficient as a matter of law to support summary judgment. Id.

B.   Analysis

On April 16, 2007, Eleow moved for
summary judgment on several of Scott’s claims, including liability under the Theft Liability Act.  On May 25, 2007, Scott filed her third
amended petition, which abandoned her Theft Liability Act claim.  On June 15, 2007, after the Theft Liability
Act claims had been dropped, the trial court granted Eleow’s April 2007 motion for
summary judgment without specifying the claims or grounds. 

On April 15, 2010, Eleow filed a
motion for summary judgment seeking $100,000 in attorneys’ fees for defending
against Scott’s Theft Liability Act claim. 
As a basis for that claim, he argued that because the trial court had
granted summary judgment in his favor for “theft under the Theft Liability
Act”, he is a “prevailing party” such that “the Court must enter summary
judgment against Scott[] in favor of [Eleow] Hunt, awarding him reasonable and
necessary attorney’s fees.”  On May 31,
2010, the trial court granted Eleow’s motion.

Both the trial court’s June 2007
partial summary judgment granting judgment under the Theft Liability Act and
the trial court’s May 2010 partial summary judgment awarding attorneys’ fees to
Eleow as the prevailing party on a Theft Liability Act claim became final and
appealable upon the trial court’s December 10, 2010 severance and final
judgment.  Although Scott filed two
letters with the trial court requesting that it reconsider its award of
attorneys’ fees because there was no live Theft Liability Act claim when the
court granted summary judgment in Eleow’s favor in June 2007 awarding him
attorneys’ fees, we disagree that she must satisfy the Craddock factors to prevail on appeal.  Rabe,
787 S.W.2d at 579.  Scott was not
required to respond to Eleow’s motion for summary judgment to argue on appeal
that Eleow did not meet his burden in the trial court of showing his
entitlement to summary judgment as a matter of law.  Rhone-Poulenc,
Inc., 997 S.W.2d at 222–23.

Scott’s challenge to the June 2007
summary judgment is that it was improper to grant summary judgment on a Theft
Liability Act claim that was not contained in her live pleadings, i.e., her
third amended petition.  Eleow does not
argue here that Scott’s third amended petition was untimely, nor does he argue
that petition was not the relevant live pleadings.  Rather, he disputes only that the petition
actually abandoned the Theft Liability Act claim because it continued to allege
“that Welch had committed theft against Smith and that Hunt and the other defendants,
assisted, participated encouraged and/or conspired with Welch to commit this
alleged conduct.” 

We disagree with Eleow’s argument
that the Theft Liability Act claim was not abandoned in the third amended
petition.  Scott’s original petition,
under the heading of Causes of Action, states in relevant part:

Anthony Welch’s actions constitute fraud,
conversion, and theft under the Theft Liability Act of the Texas Civil Practice
and Remedies Code.  James Ballard, Eleow
Hunt, and Herschell Hunt Davis Taxes [sic] all assisted, participated encouraged
and/or conspired with Anthony Welch in committing fraud, conversion, and theft
under the Theft Liability Act.   

In contrast, the “Causes of Action” section of her
third amended petition removes all references to theft and to the Theft
Liability Act.  The only reference to
theft in the third amended petition is one sentence in the “Facts” section,
stating “Mr. Anthony Welch committed theft, fraud, conversion, and forgery when
he opened a fraudulent bank account in Antowain Smith’s name.”  The references to Eleow in that section
allege that Eleow Hunt assisted Welch in covering up fraud by filing fraudulent
tax returns and documents.  That section
further alleges that Eleow breached fiduciary responsibilities and was
negligent.  

Because we conclude that there was
no live Theft Liability Act claim upon which to grant summary judgment, the trial
court erred in granting summary judgment on that claim in May 2007.  Pace
Concerts, Ltd. v. Resendez, 72 S.W.3d 700, 702 (Tex. App.—San Antonio 2002,
pet. denied) (holding that plaintiff had right to nonsuit claims after
defendant filed motion for summary judgment but before decision was rendered); Taliaferro v. Smith, 804 S.W.2d 548, 549–50 (Tex. App.—Houston [14th Dist.] 1991, no
writ) (plaintiff may nonsuit after failing to timely respond to motion for
summary judgment); Morriss v. Enron Oil
& Gas Co., 948 S.W.2d 858, 871 n.12 (Tex, App.—San Antonio 1997, no
pet.) (recognizing that it was error for the trial court to grant summary
judgment on contract claim unsupported by the live pleadings, but finding “no
harm” to the plaintiff in having summary judgment granted on a claim he
disavowed). 

Because the trial court should not
have granted the June 2010 summary judgment on an abandoned Theft Liability Act
claim, we hold that summary judgment cannot support the trial court’s May 2010
summary judgment awarding attorneys’ fees to Eleow Hunt as a prevailing party
on a Theft Liability Act claim. 
Accordingly, we sustain Scott’s fourth issue and reverse the May 15,
2010 summary judgment awarding $100,000 in attorney’s fees to Eleow Hunt.  

CONCLUSION

We reverse the trial court’s May
15, 2010 partial summary judgment awarding $100,000 in attorneys’ fees to Eleow
Hunt and render judgment that he take nothing on that claim.  In all other regards, we affirm the trial
court’s judgment.  

    

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.