**Dwight RABE d/b/a Eastern Texas Soils and Material, Appellant,**

v.

**GUARANTY NATIONAL INSURANCE COMPANY, Appellee.**

**No. 01–88–00846–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 29, 1990.

Rehearing Denied April 26, 1990.

**576**

L. Keith Slade, Houston, for appellant.

Kelvin Adams, Roy D. Brantley, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from a summary judgment. We affirm.

In 1984, Dwight Rabe, d/b/a Eastern Texas Soils and Material (Rabe), bought an insurance policy from Guaranty National Insurance Company. Guaranty National promised to either repair or replace plaintiff's truck in the event of loss. Later that year, plaintiff damaged his truck.

Rabe filed suit against Guaranty National on the insurance policy. Guaranty National answered and filed a motion for summary judgment. Rabe did not file a response.

The trial court granted Guaranty National's motion for summary judgment, stating no specific reasons. Rabe appeals on five points, challenging three rulings of the trial court.

## I. Summary judgment proof

■ When a trial court does not identify the specific ground on which it relied to grant the summary judgment, we must affirm it if there is any ground in the motion that supports the judgment. *McCrea v. Cubilla Condominium Corp.*, 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Rabe's burden in this appeal is to negate each reason the trial court could have granted the summary judgment.

■ In his second point of error, Rabe contends there is a fact question whether Guaranty National engaged in bad faith practices by not *promptly* paying him for loss on the insured property. Rabe contends the affidavits of Guaranty National's employees, who swore Guaranty National paid Rabe promptly, did not establish that fact as a matter of law because they were interested witnesses.

In this point of error, Rabe argues that his cause of action for bad faith was based on the tardiness of the payments, not the amount of the payment. If Rabe's pleadings allege that Guaranty National was tardy in making the payments, the trial court should not have granted the summary judgment for Guaranty National. To resolve the issue, we must examine Rabe's pleadings.

Rabe's first amended petition, which is 11 pages long, contains a four-page factual statement. In the last two sentences of the factual statement, Rabe says:

However, the Defendant Guaranty National then began a *dilatory* course of conduct, until finally Guaranty National submitted total payments in the amount of $4,500.00. These payments were, and remain completely and totally insufficient to repair the damages to the Plaintiff's truck and trailer.

(Emphasis added.) In the section entitled, "The Bad Faith Cause of Action," plaintiff stated:

However, from that date until the present, Defendant Guaranty National Insurance Company has refused and con-

tinues to refuse to tender the Plaintiff the necessary monies, under the policy to have the truck-trailer properly repaired.

Rabe's complaint in his petition seems to be that Guaranty National did not make adequate payment. Only the most favorable review of Rabe's pleadings would lead us to conclude that Rabe sued Guaranty National for slow payment. Because this is an appeal from a summary judgment, however, we must indulge every reasonable inference in favor of the nonmovant. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 549 (Tex.1985).

Indulging Rabe as we must, we hold that Rabe's pleadings raised the cause of action for slow payment. The issue now is whether there is a fact issue as to slow payment by Guaranty National. It is settled that a defendant moving for summary judgment assumes the burden of showing, as a matter of law, that the plaintiff cannot prove at least one element of his cause of action. *Citizens First Nat'l Bank v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976). If the movant does not satisfy his burden of producing summary judgment proof that establishes his right to judgment as a matter of law, the nonmovant has no burden to respond. *See generally, Casso v. Brand,* 776 S.W.2d 551, 558 (Tex.1989). When the plaintiff nonmovant does not file a response, the only issue for us is whether the motion supports the judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Johnson v. Levy,* 725 S.W.2d 473, 476 (Tex.App.—Houston [1st Dist.] 1987, no writ).

Guaranty National's summary judgment proof established the following: The accident occurred on December 5, 1984. Rabe sent his proof of loss to Myron F. Steves & Co. on January 4, 1985. Four days later, Myron F. Steves & Co. hired Ward Insurance Adjustors to investigate the accident and appraise the damage to the truck. On January 24, 1985, the adjuster appraised the damage at $3,750. On January 28, 1985, Myron F. Steves & Co. received the adjusters report. On February 5, 1985, Guaranty National issued a check for that amount less the deductible. Upon receipt of the payment, Nora Rabe, on behalf of her husband, executed a release from liability. Guaranty National closed its file.

In August 1985, Rabe complained to the adjuster (not to Myron F. Steves & Co. or to Guaranty National) that the first appraisal did not cover all the necessary repairs. Sometime in early September 1985, the adjuster conducted the second appraisal and concluded the additional repair work would cost $1,610.80. On September 12, 1985, Myron F. Steves & Co. received the adjuster's report and forwarded the report to Guaranty National. The record does not contain the date the report was sent to or received by Guaranty National. If Myron F. Steves & Co. mailed the report the same day it received it, a Thursday, the earliest date Guaranty National could have received the report was probably September 16, 1985, a Monday. (Guaranty National is located in Colorado.) On October 8, 1985, 22 days later, Guaranty National issued Rabe a second check for $1,610.80.

Guaranty National filed two affidavits, executed by officers of the corporation, that stated that Guaranty National made all payments necessary to repair the damage to the truck, "in a prompt and timely manner."

Was the first payment tardy? The insurance policy provides that

> No action shall lie against [Guaranty National] unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this insurance nor until 30 days after proof of loss is filed and the amount of loss is determined as provided by this policy.

We hold, as a matter of law, that Guaranty National was not tardy in making the first payment, because it made the payment within 30 days of the date Rabe filed his proof of loss.

Was the second payment tardy? Again, we hold as a matter of law that the second payment, which Guaranty National made within 30 days of receipt of the supplemental claim, was not tardy as a matter of law.

## II. The motion for continuance

■ In his fourth point of error, Rabe argues the trial court should have granted his motion to continue the summary judgment hearing because his attorney was in trial in another court.

Rule 251, TEX.R.CIV.P., requires that a motion for continuance include an affidavit stating sufficient cause. Absence of counsel is not a ground for a continuance except at the discretion of the trial court. *Gendebien v. Gendebien*, 668 S.W.2d 905, 907 (Tex.App.—Houston [14th Dist.] 1984, no writ); TEX.R.CIV.P. 253. The record must show proof of good cause, or that the judge had knowledge of good cause for the continuance. *Gendebien*, 668 S.W.2d at 907–08; TEX.R.CIV.P. 253.

We require a party to show the absence of counsel at trial was not due to the party's own fault or negligence. In *State v. Crank*, 666 S.W.2d 91, 94 (Tex.), *cert. denied*, 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984), the supreme court held the State Board of Dental Examiners did not abuse its discretion when it denied a motion for continuance on grounds of absence of counsel. The court noted the dentist had one month before the hearing to get an attorney. *Id.*

We must look to the record to see if Rabe preserved this error. Here is a chronology of the activity in this case:

12–17–87 Rabe's counsel filed a motion to withdraw as counsel.

2–17–88 The trial court denied the motion to withdraw and ruled it would not permit Rabe's counsel to withdraw until Rabe filed a motion to substitute counsel.

4–7–88 Guaranty National filed a motion for summary judgment and set the hearing for May 19, 1988.

5–9–88 Ten days before the hearing on the motion for summary judgment, Rabe's counsel filed a motion for continuance. Rabe did not file a motion to substitute counsel or a response to the motion for summary judgment.

5–18–88 The trial court denied the motion for continuance.

5–19–88 The trial court held the hearing on the motion for summary judgment and granted summary judgment for Guaranty National.

5–26–88 Rabe filed a response to the motion for summary judgment.

6–2–88 Rabe filed a motion to rehear the motion for summary judgment, which the trial court denied.

The hearing on the motion for continuance was on May 18, the day before the hearing on the motion for summary judgment. An associate from the firm of Weitinger & Tucker appeared on behalf of Rabe and argued the motion. According to the associate, Rabe's attorney of record was in *his last day* of trial in Houston. The only reason the associate urged for a continuance was because another attorney agreed to substitute as Rabe's counsel if the trial court would grant a 90–day extension. The associate did not argue that the attorney of record could not attend the hearing on the motion for summary judgment the next day. The trial judge denied the motion for continuance and noted that the record contained no motion to substitute or correspondence from the attorney named as the substituting counsel.

At the summary judgment hearing the next day, no attorney appeared to represent Rabe. The court reporter transcribed a discussion between the trial judge and Guaranty National's counsel about the absence of Rabe's attorney of record. From that discussion, it appears that a Houston district judge telephoned the trial judge and said she ordered Rabe's attorney of record to be in her court on May 19, the day of the hearing on the motion for summary judgment. Counsel for Guaranty National noted that the firm of Weitinger & Tucker could have sent another attorney to attend the hearing in place of the attorney of record. The trial judge signed a summary judgment for Guaranty National at that hearing.

Three days after the summary judgment was signed, Rabe filed a response to the motion for summary judgment. Attached to the response was a copy of an order, signed by the Harris County district judge,

compelling Rabe's attorney of record to continue in trial in her court.

Nothing in this record explains why Rabe was not represented at the hearing on the motion for summary judgment by an attorney from the firm of Weitinger & Tucker. Once the trial court denied the motion for continuance, Rabe did not have the option to go without representation at the hearing. A party does not preserve error in the denial of a motion for continuance by refusing to appear.

Rabe does not argue that his attorney of record was the only attorney who could represent him at the summary judgment hearing. At the hearing, the only grounds any attorney could have argued as reasons for denying the summary judgment were those included in a response. TEX.R.CIV.P. 166a(c). Because no response was filed, the only grounds any attorney could have urged were those apparent from the pleadings. It is difficult to imagine what explanations Rabe's attorney of record, as opposed to another attorney from the firm, could have presented at the hearing to prevent summary judgment.

We will not reverse a trial court for its ruling on a motion for continuance unless the record shows the court clearly abused its discretion. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex.1988). Before we will reverse, the record must show the trial court disregarded the party's rights. *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex.1986). The trial court's ruling on the motion for a continuance was within its sound discretion.

We overrule the fourth point of error.

### III. Motion for new trial

■ Rabe's fifth point of error alleges the trial court erred in denying his motion for new trial.[1] Rabe argued he proved, as a matter of law, that he did not respond to the motion for summary judgment because of accident or mistake, and that his claims were meritorious.

Rabe cites *Costello v. Johnson*, 680 S.W.2d 529 (Tex.App.—Dallas 1984, writ ref'd n.r.e.), as support for applying the *Craddock* standard to a motion for new trial in this context. *See Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). We recognize that in *Costello*, the Dallas Court of Appeals applied the *Craddock* test to a summary judgment case. In applying this rule in a summary judgment case, the Dallas court relied exclusively on default judgment cases like *Craddock: Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984); *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966); and *Dallas Heating Co. v. Pardee*, 561 S.W.2d 16, 19–20 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). The Dallas court recognized that it was extending the *Craddock* rule to summary judgment cases when it said:

> We here hold that the *Craddock* standard of review applies to a summary judgment default where the non-movant has failed to respond to the motion due to accident or mistake just as in the situation where a party fails to appear for the trial due to accident or mistake after answering and a default judgment is rendered.

*Costello*, 680 S.W.2d at 531.

This Court has held that the *Craddock* standard does not apply in an appeal from a summary judgment. *Enernational Corp. v. Exploitation Eng'r*, 705 S.W.2d 749, 751 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *contra Krchnak v. Fulton*, 759 S.W.2d 524, 529 (Tex.App.—Amarillo 1988, writ denied). As we said in *Enernational*, the trial court does not grant a summary judgment because the nonmovant fails to answer, but because the movant's proof is sufficient as a matter of law. *Enernational Corp.*, 705 S.W.2d at 751. We disagree with the Dallas Court of Appeals and reaffirm our holding in *Enernational*.

Even if the *Craddock* test applied, Rabe did not meet his burden. Under *Craddock*, in his motion for new trial, Rabe must

---

1. Rabe actually filed a motion to *rehear* the summary judgment. A motion for rehearing of a summary judgment is the equivalent of a motion for new trial. *Hill v. Bellville Gen. Hosp.*, 735 S.W.2d 675, 677 (Tex.App.—Houston [1st Dist.] 1987, no writ).

show that he did not file a response to the motion for summary judgment because of mistake or accident. In his motion, the only explanation Rabe offered for not filing his response was that he relied on an oral agreement with Guaranty National for a 45–day extension. There is no written agreement for an extension in the record as required by TEX.R.CIV.P. 11.

We overrule Rabe's fifth point of error.