

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00742-CV

**PASCUAL MADRIGAL P.L.L.C.** d/b/a The Law Offices of Pascual Madrigal,
Appellant

v.

**COMMERCIAL IT SOLUTIONS INC.**,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 381855
Honorable Jason Wolff, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:          Catherine Stone, Chief Justice
                  Marialyn Barnard, Justice
                  Luz Elena D. Chapa, Justice

Delivered and Filed:  August 27, 2014

AFFIRMED

This is an appeal from a summary judgment in favor of appellee Commercial IT Solutions Inc.  On appeal, appellant Pascual Madrigal P.L.L.C. d/b/a The Law Offices of Pascual Madrigal contends the trial court erred in: (1) granting summary judgment in favor of Commercial IT; and (2) denying its motion for new trial.  We affirm the trial court's judgment.

### BACKGROUND

Commercial IT filed a suit on a sworn account against Madrigal pursuant to Texas Rule of Civil Procedure 185.  In the original petition, Commercial IT alleged: (1) pursuant to a written

agreement, it sold Madrigal "one or more items of goods, wares, merchandise, or services"; (2) the account represents a transaction or series of transactions for which a systematic record was kept; and (3) Madrigal defaulted on the account by failing to make the noted payments, and as a result owes Commercial IT $10,273.30 after all lawful offsets, payments, and credits.  Attached to the petition and specifically incorporated by reference was the contract between Madrigal and Commercial IT, as well as a "Customer Open Balance Statement" that included an itemized accounting of transactions.  The accounting contained in the "customer open balance" statement consisted of a list of open invoices along with the date of the invoice, the due date of the invoice, the "amount" charged, and the "balance."  In response to the petition, Madrigal filed a verified answer, denying Commercial IT's allegations.

Commercial IT filed a traditional motion for summary judgment.  Commercial IT requested a hearing on its motion, and the trial court set the matter for hearing.  Madrigal failed to file a response to the motion for summary judgment or to appear at the hearing.  The trial court granted the motion for summary judgment.  Thereafter, Madrigal filed a timely motion for new trial, which the trial court denied.  Madrigal perfected this appeal.

## ANALYSIS

As noted above, Madrigal contends the trial court erred in granting summary judgment in favor of Commercial IT and denying its motion for new trial.  As to the summary judgment complaint, Madrigal seems to contend Commercial IT failed to establish its right to judgment as a matter of law, arguing the deficiency of the evidence.  With regard to its motion for new trial issue, Madrigal argues it is entitled to a new trial because it established the right to same pursuant to *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939).

***Summary Judgment***

Although Madrigal's brief is somewhat ambiguous on this issue and it is blended into the motion for new trial argument, it appears Madrigal is challenging Commercial IT's right to summary judgment, arguing Commercial IT did not establish its entitlement to judgment as a matter of law.

*Standard of Review*

We review a traditional summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A plaintiff moving for summary judgment on its claim must establish its right to summary judgment by conclusively proving all elements of its cause of action as a matter of law. *See Amedisys, Inc. v. Kingwood Home Health Care, LLC*, No. 12-0839, 2014 WL 1875722, at *3 (Tex. May 9, 2014); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); TEX. R. CIV. P. 166a(c). A nonmovant has no burden to respond to a motion for summary judgment unless the movant establishes its right to judgment as a matter of law. *Amedisys, Inc.*, 2014 WL 1875722, at *3; *Willrich*, 28 S.W.3d at 23. However, once the movant establishes a right to summary judgment, the burden shifts to the nonmovant to present some evidence raising a genuine issue of material fact in order to avoid a judgment in favor of the movant. *Amedisys, Inc.*, 2014 WL 1875722, at *3; *Romo v. Tex. Dep't of Transp.*, 48 S.W.3d 265, 269 (Tex. App.—San Antonio 2001, no pet.); TEX. R. CIV. P. 166a(c). When reviewing a summary judgment, we must take as true all evidence favorable to the nonmovant and indulge all reasonable inferences in the nonmovant's favor, and resolve all doubts in favor of the nonmovant. *Willrich*, 28 S.W.3d at 23–24; *Romo*, 48 S.W.3d at 269.

*Application*

We begin by noting that an action based on a sworn account is not an independent cause of action. *HIS Indus., Inc. v. Keiger*, No. 04-12-00029-CV, 2013 WL 2445034, at *3 (Tex. App.—

San Antonio June 5, 2013, no pet.) (mem. op.); *S. Mgmt. Servs., Inc. v. SM Energy Co.*, 398 S.W.3d 350, 353 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Rizk v. Fin. Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex. 1979)). Rather, a suit on a sworn account is based on Rule 185 of the Texas Rules of Civil Procedure, which provides for a procedural right of recovery in certain contract disputes. *Keiger*, 2013 WL 2445034, at \*3. Rule 185 sets out the criteria for a suit on a sworn account, providing that whenever an "action is founded upon an open account or other claim for goods, wares and merchandise . . . or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney . . . to the effect that such claim is, within the knowledge of the affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall file a written denial, under oath." TEX. R. CIV. P. 185. Once a plaintiff files a petition in accordance with Rule 185, the verified petition constitutes prima facie evidence of the sworn account, giving rise to an evidentiary presumption in favor of the plaintiff.[1] *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 834 (Tex. App.—Dallas 2014, no pet.). If, however, the defendant files a sworn denial of the plaintiff's account supported by an affidavit denying it, the evidentiary presumption is overcome, and the plaintiff must introduce evidence of its claim. *Id.* at 833; *see* TEX. R. CIV. P. 93(10).

Commercial IT's verified petition met the requirements of Rule 185. In the petition, Commercial IT alleged: (1) it sold goods or services to Madrigal as described by an attached

---

[1] Generally, pleadings — even if sworn or verified — are not competent evidence. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Cleveland v. Taylor*, 397 S.W.3d 683, 693 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). Rule 185 is an exception to this general rule. *See* TEX. R. CIV. P. 185.

agreement; (2) the account represented a transaction or series of transactions for which a systematic record was kept; (3) Madrigal accepted the goods or services and was bound to pay; and (4) Madrigal defaulted by failing to make the account payments, owing $10,273.30 after all lawful offsets, payments, and credits were allowed. The petition was supported by the affidavit of an agent for Commercial IT, who averred the information contained in the petition was within his knowledge, just and true, that the amount pled is due, and that all just and lawful offsets, payments, and credits have been allowed. The pleading constitutes prima facie evidence of the sworn account, and created an evidentiary presumption in favor of Commercial IT. *See Woodhaven Partners, Ltd.*, 422 S.W.3d at 834. In response, Madrigal filed a verified denial, thereby defeating the evidentiary presumption, requiring Commercial IT to establish its claim. *See* TEX. R. CIV. P. 93(10); *Woodhaven Partners, Ltd.*, 422 S.W.3d at 834.

Madrigal first seems to contend Commercial IT could not obtain summary judgment in the face of its sworn denial. This is incorrect. Despite a sworn denial, a plaintiff may properly obtain summary judgment on a sworn account claim by filing "legal and competent summary judgment evidence establishing the validity of its claim as a matter of law." *Ellis v. Reliant Energy Retail Servs., L.L.C.*, 418 S.W.3d 235, 246 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (quoting *PennWell Corp. v. Ken Assocs., Inc.*, 123 S.W.3d 756, 765 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)). To be entitled to a summary judgment in a suit on a sworn account, the summary judgment movant must prove as a matter of law: (1) the sale and delivery of goods or performance of services; (2) the amount of the account is "just," meaning the prices charged are usual, customary, or reasonable; and (3) the amount due remains unpaid. *Id.*

In support of its motion for summary judgment, Commercial IT produced verified, authenticated copies of the contract between the parties, a statement of account, and copies of all unpaid invoices. Commercial IT also produced an affidavit from Niklas Rosen, president and CEO

of Commercial IT. Mr. Rosen, who authenticated and verified the contract, statement of account, and the unpaid invoices, swore Commercial IT sold computer-related services to Madrigal pursuant to a written agreement and that Commercial IT charged Madrigal the "usual and customary" price for each item or service. He averred the exhibits to the motion represent a systematic record of the transactions between the parties, but Madrigal failed to pay Commercial IT for the items referenced in the exhibits. Mr. Rosen stated that after all just and lawful offsets and credits were applied, Madrigal owed Commercial IT $10,273.30. He concluded by stating the amount due is "just, true, and past due."

Based on the foregoing, we hold Commercial IT established its entitlement to judgment as a matter of law. The summary judgment evidence established the sale and delivery of goods or performance of services, that the amount owed remains unpaid, and the amount due is "just," i.e. usual and customary. *See Ellis*, 418 S.W.3d at 246. Because Commercial IT established its right to judgment as a matter of law, the burden shifted to Madrigal to present some evidence raising a genuine issue of material fact in order to avoid summary judgment in favor of Commercial IT. *See Amedisys, Inc.*, 2014 WL 1875722, at *3; *Romo*, 48 S.W.3d at 269.

It is undisputed that Madrigal did not file a timely response to Commercial IT's motion for summary judgment. Accordingly, we hold the trial court did not err in granting summary judgment in favor of Commercial IT. *See Weech v. Baptist Health Sys.*, 392 S.W.3d 821, 824 (Tex. App.—San Antonio 2012, no pet.) (holding trial court did not err in granting no evidence motion for summary judgment where nonmovant failed to file response). We therefore overrule Madrigal's contention that summary judgment was improper.

### *Motion for New Trial*

In addition to challenging summary judgment in favor of Commercial IT, Madrigal contends the trial court erred in denying his motion for new trial. Specifically, Madrigal claims

he is entitled to a new trial because he established his right to a new trial under *Craddock*. We disagree.

*Standard of Review*

We review a trial court's refusal to grant a new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). A trial court abuses its discretion by failing to follow guiding rules and principles. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 856 (Tex. 2009). In the context of a motion for new trial pursuant to *Craddock*, a trial court does not abuse its discretion if the defaulting party does not establish all three *Craddock* elements. *See Lerma*, 288 S.W.3d at 926.

*Summary Judgment & Craddock*

As previously stated, Madrigal sought a motion for new trial based on the test set out in *Craddock*. In *Craddock*, the supreme court held a default judgment should be set aside and a new trial granted when the defaulting party proves: (1) the failure to appear was neither intentional nor the result of conscious indifference, but was due to accident or mistake; (2) he has a meritorious defense; and (3) the plaintiff will not be delayed or otherwise injured if the new trial is granted. 133 S.W.2d at 126. The supreme court has held *Craddock* applies to no answer and post-answer default judgments. *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966). The supreme court has not held whether it applies in cases where the defendant fails to respond to a motion for summary judgment when the nonmovant had neither notice nor an opportunity to ask for leave to file a late response.[2] However, this court has specifically held *Craddock* applies when a traditional summary

---

[2] In *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002), the supreme court held *Craddock* does not apply to a motion for new trial filed after summary judgment is granted where the nonmovant had notice and an opportunity to ask for leave to file a late response, but did not. The court reasoned that *Craddock* should not apply in that situation because it was established to "alleviate unduly harsh and unjust results at a point in time when the defaulting party has no other remedy available." *Id.* The court specifically declined to decide whether *Craddock* applies to a motion for new trial filed after a summary judgment is granted or after a summary judgment hearing when the nonmovant did not have notice or an opportunity to ask for leave to file a late response. *Id.*

judgment is granted and the nonmovant had neither notice nor an opportunity to file a late response. *See Weech*, 392 S.W.3d at 825 (citing *Washington v. McMillan*, 898 S.W.2d 392, 394 (Tex. App.—San Antonio 1995, no writ); *see also Gonzales v. Surplus Ins. Servs.*, 863 S.W.2d 96, 102 (Tex. App.—Beaumont 1993, writ denied) (holding *Craddock* applies in appeal from summary judgment); *Krchnak v. Fulton*, 759 S.W.2d 524, 528–29 (Tex. App.—Amarillo 1988, writ denied) (same); *Costello v. Johnson*, 680 S.W.2d 529, 531 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (same); *but see Rabe v. Guaranty Nat'l Ins. Co.*, 787 S.W.2d 575, 579 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (holding *Craddock* does not apply in appeal from summary judgment).

In the summary judgment context, to establish a right to a new trial under *Craddock*, the nonmovant must: (1) establish the failure to file a summary judgment response was neither intentional nor the result of conscious indifference, but rather a mistake or accident; (2) produce summary judgment evidence sufficient to raise a genuine issue of material fact; and (3) prove the granting of the motion for new trial will cause no delay or otherwise work an injury to the summary judgment movant. *Weech*, 392 S.W.3d at 825; *Prestige Ford Co. Ltd. Partnership v. Gilmore*, 56 S.W.3d 73, 77 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). In this case, the parties agree Madrigal established the first and third modified *Craddock* elements. Thus, Madrigal had to produce summary judgment evidence sufficient to raise a genuine issue of material fact to be entitled to a motion for new trial. *See id.*

### *Application*

Madrigal seems to contend it raised a fact issue because Commercial IT failed to account for all payments, offsets, and credits to which Madrigal was entitled after someone with Madrigal's firm negotiated a reduction of the total amount owed. In support of this contention, Madrigal points to the affidavits of Mary G. Herrera and Madeline R. Lozano. This is the only evidence

presented by Madrigal in an attempt to raise a genuine issue of fact with regard to the second *Craddock* element.

In her affidavit, Ms. Herrera testified she is a legal assistant at Madrigal's office. With regard to the second *Craddock* element, Ms. Herrera stated:

> I do not believe that all lawful adjustment[s], payments, or credits have been accounted for in this matter. I personally met with personnel from Commercial IT in the summer of 2011 and negotiated a reduction of the total outstanding amount. This amount, however, is not reflected in the documentation that accompanies Plaintiff's petition on his suit on a sworn account.

We hold this affidavit does not raise a genuine issue of fact with regard to Commercial IT's motion for summary judgment. In the affidavit, Ms. Herrera specifically states that the reduction she allegedly negotiated with a Commercial IT representative is not reflected in the documentation attached to Commercial IT's *petition*, not the hundreds of pages of documentation that was attached to the motion for summary judgment. Accordingly, the affidavit is not responsive, according to its own statement, to the summary judgment evidence. Thus, we hold Ms. Herrera's affidavit does not raise an issue of fact as to Commercial IT's summary judgment. Moreover, her statement concerning other alleged "lawful adjustment[s], payments, or credits," – if intended to refer to additional adjustments beyond the 2011 reduction – are based solely on her personal belief. As the supreme court stated in *Tex. Div.-Tranter, Inc., v. Carrozza*, "subjective beliefs are no more than conclusions and are not competent summary judgment evidence." 876 S.W.2d 312, 314 (Tex. 1994).

Madrigal also points to the affidavit of Ms. Lozano. Ms. Lozano stated:

> I do not believe that all lawful adjustment[s], payments, or credits have been accounted for in this matter. Several monthly payments as well as a reduction of the bill negotiated by Ms. Mary Herrera are not reflected in the documentation attached to Plaintiff's Motion for Summary Judgment.

Ms. Lozano's first statement is also based solely on her belief. As noted above, personal beliefs do not constitute competent summary judgment evidence. *Id.* As to her other statement, Ms. Lozano does not provide any factual information relative to the monthly payments she claims were not credited, or even state the amounts. She also fails to explain how she is aware of any reduction negotiated by Ms. Herrera. "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Weech*, 392 S.W.2d at 826 (quoting *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no pet.)). Conclusory statements in affidavits are not proper summary judgment evidence if there are no facts to support the conclusions. *See Weech*, 392 S.W.3d at 826. Thus, we hold Ms. Lozano's affidavit is insufficient to raise an issue of fact in response to Commercial IT's summary judgment.

With regard to Madrigal's motion for new trial, we hold the trial court did not abuse its discretion in denying the motion. *See Lerma*, 288 S.W.3d at 926. Madrigal did not produce a scintilla of evidence to raise a genuine issue of fact, and therefore did not meet the second *Craddock* element as applicable in the summary judgment context. *See Weech*, 392 S.W.3d at 825. Thus, we overrule Madrigal's contention with respect to this matter.

### CONCLUSION

Based on our foregoing analysis, we hold: (1) Commercial IT established its right to judgment as a matter of law on its sworn account claim, entitling it to summary judgment; and (2) Madrigal failed to produce a scintilla of evidence to raise a fact issue in response to Commercial IT's motion for summary judgment, and therefore did not meet the second *Craddock* element so as to entitle it to a motion for new trial. Accordingly, the trial court did not err in granting summary judgment for Commercial IT, nor did the trial court err in denying Madrigal's motion for new trial. We affirm the trial court's judgment.

Marialyn Barnard, Justice