**Opinion issued April 27, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

### NO. 01-22-00156-CV

———————————

### DEMETRA MOORE, Appellant

### V.

### DARRELL GENE CARDER, Appellee

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Case No. 2020-23143**

---

## MEMORANDUM OPINION

This appeal arises from a personal-injury suit. The trial court granted the

defendant's no-evidence summary-judgment motion and the plaintiff appeals.

We affirm.

## BACKGROUND

In April 2020, Demetra Moore sued Darrell Gene Carder for personal injuries she sustained in an automobile accident for which she alleges he was at fault. Moore asserted claims for negligence and negligence per se.

Carder filed a general denial. In September 2021, Carder filed a no-evidence summary-judgment motion. As to the negligence claims, Carder asserted that Moore had no evidence that he had breached any duty he owed her or that any such breach had proximately caused her injuries. As to the negligence per se claims, Carder asserted that Moore had no evidence that tort liability could be premised on the violation of any statute, that he had violated any statute without excuse, or that his conduct proximately caused her injuries.

In October 2021, Moore sent the trial court a letter asking for a continuance. Moore stated that she was incarcerated in the Harris County Jail for reasons unrelated to the accident and insisted that her case had merit. She apparently had been incarcerated the previous month, in September. Thus, she asked for "another court date" after her release from jail. Moore reiterated her request for a continuance in two November 2021 letters.

Moore's letters were written and filed by her personally. Though a law firm had filed suit on her behalf and represented her, at some point she fired her lawyers for in her words "trying to low ball" her and due to lack of contact.

In December 2021, the trial court granted Carder's no-evidence summary-judgment motion and ordered that Moore take nothing as to her claims.

Represented by new counsel, Moore appeals.

**DISCUSSION**

Moore contends the trial court erred in granting summary judgment on two grounds. First, she maintains that the trial court should have granted her a continuance due to her incarceration and lack of representation by counsel. Second, Moore asserts that her claims are supported by more than a scintilla of evidence.

## I.  Motion for Continuance

### A.  Standard of review and applicable law

We review the denial of a motion for continuance for an abuse of discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). However, to obtain review of a trial court's ruling on a motion for continuance, the movant must preserve error in the trial court. TEX. R. APP. P. 33.1(a). To preserve error, the record must show that the movant made the request by written motion and secured a ruling from the trial court or that the trial court refused to rule. *See id.*; *see also* TEX. R. CIV. P. 251 (providing trial court cannot grant continuance "except for sufficient cause supported by affidavit" or else by consent or operation of law); *In re C.F.*, 565 S.W.3d 832, 844 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (stating that motions for continuance generally must be in writing and oral requests

3

for continuance either do not preserve error or else appellate courts presume trial court did not abuse its discretion in denying unwritten requests for continuance).

The trial court is not required to rule on a motion that is not called to its attention. *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied). So, to establish that the trial court refused to rule, the record must show the movant presented the motion to the trial court, thereby making the court aware of the request. *See Ballard v. King*, 652 S.W.2d 767, 769 (Tex. 1983) (stating error premised on trial court's ruling on motion of any kind must be supported by showing that motion was presented); *Brown v. Navy Fed. Credit Union*, No. 01-21-00662-CV, 2022 WL 3650112, at *6 (Tex. App.—Houston [1st Dist.] Aug. 25, 2022, no pet.) (mem. op.) (citing sister court's decision for proposition that continuance ruling is not preserved for review when record does not show motion was presented to trial court with request for ruling or otherwise brought to trial court's attention before rendition of judgment). The mere filing of the motion does not constitute presentation, which requires that the motion be set for submission on the papers or scheduled for hearing so that the movant's request actually comes to the trial court's attention. *E.g.*, *O'Kane v. Chuoke*, No. 01-05-00523-CV, 2007 WL 926494, at *3 (Tex. App.—Houston [1st Dist.] Mar. 29, 2007, no pet.) (mem. op.) (holding trial court's ruling on continuance motion was not preserved for review because it "was not set for consideration by submission or at an oral hearing"); *see*

4

*also Noel v. Oakbend Med. Ctr.*, No. 01-21-00206-CV, 2022 WL 3031347, at *7 (Tex. App.—Houston [1st Dist.] Aug. 2, 2022, pet. denied) (mem. op.) (observing that filing motion or setting motion for hearing is insufficient to preserve error if record does not also show motion was brought to trial court's attention); *S. Pioneer Prop. & Cas. Ins. Co. v. Wilson*, No. 01-17-00444-CV, 2018 WL 3384558, at *3 (Tex. App.—Houston [1st Dist.] July 12, 2018, no pet.) (mem. op.) (declining to consider challenge of trial court's refusal to rule on motion, which had been set for hearing at same time as another motion, because record did not show that motion at issue had been brought to trial court's attention or considered by trial court).

**B.    Analysis**

Moore filed three letters in which she asked for a continuance before the trial court rendered summary judgment in Carder's favor. But the record lacks a ruling of any kind from the trial court on Moore's multiple requests for a continuance.

The record does not indicate that Moore set her requests for a continuance for submission on the papers or for a hearing. Nor does the record indicate that the trial court was aware of her continuance requests before the rendition of summary judgment. In the transcript of the summary-judgment hearing, the trial court evinced awareness that Moore would not be present for the hearing but indicated it was unaware of the precise reason for Moore's absence. When defense counsel stated that it was his belief that Moore was in jail, the trial court responded: "I don't know

5

about that." The trial court then indicated it was possible that Moore was in fact in jail and requested that the defense present its summary-judgment motion.

The exchange between defense counsel and the trial court shows that the latter had not read Moore's letters. If the trial court had done so, it would have known that Moore was in jail. Or, at the very least, the trial court would have known that Moore claimed as much. That the trial court lacked this knowledge indicates it also lacked knowledge of Moore's requests for a continuance, which were contained in the same letters in which Moore disclosed that she was unavailable due to incarceration.

On this record, Moore has not shown that she brought her requests for a continuance to the trial court's attention. In these circumstances, which do not show the trial court knew about the requests, and affirmatively indicate the contrary, nothing is preserved for our review. *See, e.g.*, *O'Kane*, 2007 WL 926494, at \*3.

Moreover, even if this issue had been preserved for review, Moore's requests for continuance are not verified or accompanied by an affidavit or unsworn declaration. Though these defects arguably are technical in nature, it is well-settled that a trial court does not abuse its discretion in denying a motion for continuance that is neither verified nor accompanied by an affidavit or unsworn declaration. *E.g.*, *Hamm v. Millennium Income Fund*, 178 S.W.3d 256, 270 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (holding that lack of verification or affidavit with continuance motion was sufficient basis alone for trial court to deny motion).

Understandably, Moore emphasizes on appeal that she lacked counsel when the trial court heard and granted Carder's motion for summary judgment. Given the law and the underlying circumstances, however, Moore's lack of legal representation does not excuse her noncompliance with the applicable procedural rules below.

As an initial matter, we note that Moore did not have a right to counsel in the trial court. Indigent litigants have a constitutional right to appointed counsel in criminal prosecutions. *Gideon v. Wainwright*, 372 U.S. 335, 342–45 (1963). But this is not a criminal prosecution and the record contains no evidence that Moore is indigent. Thus, any arguable right to counsel Moore might assert on the basis of indigency is not before us. At any rate, under current law, an indigent litigant is not entitled to the appointment of counsel in a civil case unless a statute mandates the appointment of counsel. *In re D.T.*, 625 S.W.3d 62, 71 (Tex. 2021). We are not aware of a statute that would entitle Moore to counsel in a negligence case like this one.

In a civil case, to obtain a continuance on the basis of the absence of counsel, the movant must show that the absence of counsel is not attributable to her own lack of diligence. *See* TEX. R. CIV. P. 253 (providing that absence of counsel in itself is not good cause for continuance); *Rabe v. Guar. Nat'l Ins. Co.*, 787 S.W.2d 575, 578 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (stating movant seeking continuance due to absence of counsel must show absence is not due to her own fault or negligence). Thus, in general, a trial court does not abuse its discretion in denying

7

a continuance when a litigant is without legal representation because she discharged her lawyer. *See, e.g.*, *State v. Crank*, 666 S.W.2d 91, 93–94 (Tex. 1984) (holding failure to grant continuance was not abuse of discretion when movant discharged his lawyer due to "philosophical differences" on day proceeding was set for trial).

Here, the record shows that sometime before the summary-judgment hearing Moore fired the law firm that represented her in the trial court. There is no evidence as to when exactly Moore fired her lawyers. In Moore's brief, her appellate lawyer represents that her trial lawyers withdrew in November 2021. But for this date Moore's appellate lawyer solely relies on counsel's notice of withdrawal. This notice of withdrawal, which is not in the record, shows that it was actually filed a year earlier, in November 2020, more than a year before the summary-judgment hearing. On this record, we cannot say when Moore fired her lawyers because the only evidence she cites contradicts her as to the date and is not in the appellate record.

At any rate, the record does not show what efforts, if any, Moore made to hire new counsel either before or after she became incarcerated in September 2021. Therefore, Moore cannot show she diligently sought to secure new counsel, or lacked fault or negligence in being unrepresented by counsel, on the limited record before us. Without this showing, she cannot establish the trial court erred in not continuing the summary-judgment hearing due to the absence of counsel. *See id.*

While we understand that a litigant unrepresented by counsel may find it difficult to comprehend and comply with the procedural requirements imposed by the law, like the requisites of a motion for continuance or preservation of error, a trial court does not abuse its discretion by denying a defective motion for continuance filed by a litigant whose lack of counsel has disadvantaged her. *E.g.*, *O'Connor v. O'Connor*, 245 S.W.3d 511, 516 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (affirming denial of *pro se* litigant's continuance motion lacking required affidavit, despite her claim that she needed continuance in part due to her lack of understanding of law and inability to proceed without lawyer). One who forgoes legal counsel and represents herself is held to the same standard as a lawyer and must comply with all applicable procedural rules. *Morris v. Am. Home Mortg. Servicing*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Though at first blush it may seem unfair to hold laypersons to the same standard as lawyers, not doing so would engender its own unfairness by excusing one subset of litigants from abiding by rules that bind all others. *See id.* (noting that excusing *pro se* litgants from generally applicable rules would give them unfair advantage).

Moore additionally emphasizes that she not only lacked counsel when the court heard and granted Carder's summary-judgment motion, she was also in jail. We do not doubt that a litigant's incarceration makes it significantly more difficult for her to prosecute a civil lawsuit. But the law holds inmates to the same rules of

9

practice and procedure as all other litigants, whether represented by counsel or not. *See In re H.D.D.B.*, No. 01-20-00723-CV, 2022 WL 2251655, at \*10–13 (Tex. App.—Houston [1st Dist.] June 23, 2022, no pet.) (mem. op.) (affirming termination of unrepresented inmate's parental rights, holding that he was not exempt from error-preservation requirements and failed to preserve error as to whether trial court should have postponed trial due to illness because he did not move for continuance, and holding that he did not preserve error as to several other motions because record did not show he had brought them to trial court's attention or objected to failure to rule); *Green v. Gunnels*, No. 01-03-00303-CV, 2003 WL 22209703, at \*2 (Tex. App.—Houston [1st Dist.] Sept. 25, 2003, no pet.) (mem. op.) (affirming dismissal of unrepresented inmate's negligence suit because he did not submit required affidavit detailing his lawsuit history and rejecting his claim that as one without legal experience he should not be held to same standard as attorney); *Milliken v. Skepnek*, No. 01-01-00372-CV, 2003 WL 361052, at \*2–3 (Tex. App.—Houston [1st Dist.] Feb. 20, 2003, pet. denied) (mem. op.) (affirming directed verdict entered against inmate represented by counsel on her claims for payment for services rendered, quantum meruit, and fraud and holding that trial court did not abuse its discretion in

denying oral motion to continue trial so she could appear in person because motion, which was neither written nor supported by affidavit, did not comply with rules).[1]

There are two exceptions to the rule that unrepresented inmate litigants are held to the same standards as lawyers. First, like all papers drafted by laypersons, we construe those filed by unrepresented inmates less stringently than formal ones drafted by lawyers in terms of evaluating what claims are being made. *Thomas v. Collins*, 860 S.W.2d 500, 503 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Second, when a showing of reasonable diligence is required, unrepresented inmate litigants are held to a somewhat lower standard of diligence than is required of litigants who are free and represented by counsel. *Gamboa v. Alecio*, 604 S.W.3d 513, 518 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Both exceptions are essentially exceptions of necessity. We construe the papers of laypersons more leniently because they are seldom able to articulate legal claims and arguments with the precision of trained lawyers, such that holding their papers to the same standard

---

[1] *See also Taylor v. Bridges*, No. 14-13-00669-CV, 2014 WL 4202507, at *3–4 (Tex. App.—Houston [14th Dist.] Aug. 26, 2014, no pet.) (mem. op.) (holding trial court did not abuse its discretion by not allowing unrepresented inmate to appear telephonically at dismissal hearing in part because he did not comply with local rule requiring request for oral argument to be made in writing and specify reasons for necessity of oral hearing and noting that *pro se* inmates are held to same standards as licensed attorneys); *Gaffney v. Tex. Dep't of Crim. Just.-Institutional Div.*, No. 14-03-00472-CV, 2004 WL 1898488, at *3 & n.7 (Tex. App.—Houston [14th Dist.] Aug. 26, 2004, no pet.) (mem. op.) (stating unrepresented inmate did not preserve error as to jury-charge issue because he did not object or submit jury question and rejecting his argument that *pro se* litigants should not be held to same procedural standards as parties represented by counsel).

would likely result in the denial of any relief as a matter of course without regard to their intentions. *See Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 705–06 (Tex. 2021) (per curiam) (noting courts construe pleadings by looking to pleader's intent and that procedural rules, particularly those that turn on state of mind, may in consequence require different result when actor is nonlawyer); *see also Spellmon v. Sweeney*, 819 S.W.2d 206, 209 (Tex. App.—Waco 1991, no writ) (observing that *pro se* inmate complaints "are notoriously difficult to decipher"). We allow unrepresented inmates to demonstrate less diligence because their freedom of action is constrained by incarceration. *See Gamboa*, 604 S.W.3d at 518 (reasoning that ability of inmates to participate in litigation-related activities is seriously limited).

But neither of these exceptions is applicable here. Moore failed to preserve error and comply with the procedural requirements for securing a continuance. It is well-established that though unrepresented inmate litigants may be entitled to some indulgence in other respects, they must abide by the same procedural rules as all others, including those relating to error preservation and continuances. *E.g.*, *In re H.D.D.B.*, 2022 WL 2251655, at *4–5, *10–13 (construing *pro se* inmate's briefing liberally but holding him to same standards as lawyers and requiring him to comply with procedural rules, including those on error preservation and continuances); *McDorman v. Rogers*, No. 09-06-00514-CV, 2008 WL 1970928, at *7 (Tex. App.— Beaumont May 8, 2008, no pet.) (mem. op.) (rejecting argument that procedural

12

rules should not be applied—whether strictly or loosely—to *pro se* inmates and holding that trial court did not abuse discretion by failing to act on multiple unsworn continuance motions that were filed but not presented); *see also In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003) (holding that litigant's status as *pro se* inmate did not alter procedure and burden remained his to make showing needed to obtain writ of *habeas corpus ad testificandum*, or bench warrant, to attend paternity proceedings in person); *Sorrow v. Harris Cty. Sheriff*, 622 S.W.3d 496, 500–01 (Tex. App.— Houston [14th Dist.] 2021, pet. denied) (concluding that while *pro se* inmate was entitled to have allegations of his complaint construed liberally, he was not otherwise excused from complying with applicable procedural rules and substantive law).

We overrule Moore's issue as to the trial court's failure to continue her case.

## II. No-Evidence Summary Judgment

### A. Standard of review and applicable law

We review an order granting summary judgment de novo. *JLB Builders v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). A defendant may obtain no-evidence summary judgment when there is no evidence of one or more essential elements of a claim on which the plaintiff has the burden of proof at trial. TEX. R. CIV. P. 166a(i); *JLB Builders*, 622 S.W.3d at 864. When the defendant files a proper no-evidence summary-judgment motion, doing so immediately shifts the burden to the plaintiff to present evidence raising a genuine issue of material fact as to each challenged

element of her claims. *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 514 (Tex. 2022); *JLB Builders*, 622 S.W.3d at 864. The burden of proof falls entirely on the plaintiff under these circumstances. *Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021). If the plaintiff does not carry her burden by presenting the necessary evidence, then the trial court must grant the defendant's motion. TEX. R. CIV. P. 166a(i).

There are three essential elements of a common-law negligence claim: (1) the existence of a legal duty; (2) a breach of this duty; and (3) damages proximately caused by this breach. *Elephant Ins. Co. v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). In contrast, negligence per se is a common-law doctrine under which a reasonably prudent person's standard of care is defined by a penal statute. *Reeder v. Daniel*, 61 S.W.3d 359, 361–62 (Tex. 2001). The doctrine of negligence per se applies when the courts have decided that violation of a penal statute constitutes negligence as a matter of law. *Ybarra v. Ameripro Funding*, No. 01-17-00224-CV, 2018 WL 2976126, at \*9 (Tex. App.—Houston [1st Dist.] June 14, 2018, pet. denied) (mem. op.). To prove a claim for negligence per se, a plaintiff must also prove three elements: (1) the defendant's act or omission is a violation of a statute; (2) the injured person is within the class of persons the statute is designed to protect; and (3) the defendant's act or omission proximately caused the injury. *Id.*

**B.    Analysis**

With respect to Moore's negligence claims, Carder moved for summary judgment on the ground that she has no evidence of breach or proximate cause. Carder likewise moved for summary judgment on Moore's claims for negligence per se on the ground that she has no evidence of proximate cause, among other things.

In the trial court, Moore did not produce any evidence in support of her claims. The trial court therefore was obligated to grant Carder's motion for no-evidence summary judgment and dismiss all of Moore's claims, just as the trial court did.

On appeal, Moore has attached about 55 pages of documents to her brief that she argues are evidence of her claims. These documents include the following:

- the police report concerning the automobile accident;

- Moore's notice of the filing of business-record affidavits, which references four affidavits made by the custodians of her medical records;

- three of the four affidavits referenced in the preceding notice, two of which concern the cost and necessity of medical services in the amounts of $24,816.68 and $5,512; and

- Moore's responses to written discovery requests.

These documents do not include any of Moore's underlying medical records or any documents that she may have produced in response to discovery requests.

The police report is not in the clerk's or reporter's record. Nor are Moore's responses to written discovery requests. Because these documents are not in the record, we cannot consider them on appeal. *Till v. Thomas*, 10 S.W.3d 730, 733

15

(Tex. App.—Houston [1st Dist.] 1999, no pet.). This would be true even if the documents had been filed in the trial court and the parties merely failed to include them in the record on appeal. *Dauz v. Valdez*, 571 S.W.3d 795, 811 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Thus, these documents are not evidence.

Moore's notice of the filing of business-record affidavits and the three aforementioned affidavits are in the record. But they are not competent evidence of proximate cause. The statute governing affidavits for the cost and necessity of services states that such an affidavit "is not evidence of and does not support a finding of the causation element of the cause of action that is the basis for the civil action." TEX. CIV. PRAC. & REM. CODE § 18.001(b). Thus, without considering any other element of Moore's claims, the record does not contain any summary-judgment evidence of proximate cause, which is an essential element of her claims.

We overrule Moore's issue as to the trial court's grant of summary judgment.

## CONCLUSION

We affirm the trial court's judgment.


Gordon Goodman
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

16